# John Davis and Richard Maris *against* James Cummins.

*Privilege of a suitor does not hold, when he has been surrendered by his bail in another cause, and is in actual custody at the time of arrest.*

MOTION to discharge the defendant from an arrest on the following affidavit by him made:

That he came to Philadelphia on the 14th March instant from Northumberland county, for the purpose of attending the Supreme Court as a suitor, in a cause against him by Cochran and Thursby, now pending in the said court; that on the next day he was taken on a bail piece in a suit wherein John Plankinhorn is plaintiff, and on the day following, being in custody, a *capias* was served on him at the suit of Smith and Maris, and held to bail in 2500 dollars, in consequence of which he is deprived of the means and opportunities of attending to the cause of Cochran and Thursby, the decision whereof will be of great consequence to him.

It appeared that the cause of Cochran and Thursby had not been put on the trial list, and that the special bail had informed the defendant, unless he came down on the day fixed for that purpose, his appearance would be compelled, in order to discharge the bail from his recognizance.

Mr. M'Kean for the plaintiffs objected that the defendant's appearance was voluntary in discharge of his bail, and besides there was no necessity for his attendance at the court, when the suit of Cochran *v.* Thursby had not been put on the trial list. The privilege of suitors only holds where there is *bona fide* attendance on the trial of the issue. Besides, it is a general rule, that there can be no privilege against privilege. 1 Tidd's Pract. 76. An attorney has no privilege where he is in the actual custody of the marshal. Ib. 77. Carth. 377. 1 Salk. 1, 2. 1 Ld. Raym. 135. 12 Mod. 102, 112, 535. 1 Stra. 191.

It was answered by Messrs. D. Smith and Cooper for the defendant, that the law did not enjoin that the cases of the privileges of suitors should depend on their attendance on the cause alone, though it is agreed that the attendance must be *bona fide* *and not colourable. Here the party could not know [*388 that his action was not marked for trial, but had reason to believe it was, and attended accordingly. His exemption from process is the privilege of the court. 2 Bl. Rep. 1193. Annal. 41. The case of Bands *v.* Bodinner, cited by Mr. Tidd from several books, went on the ground of waving the privilege of the attorney in C. B. 5 Mod. 310. But a privileged person may plead his privilege, notwithstanding that he is in custody of the marshal, and declared against as in custody. Per Ld. HOLT, 1 Ld. Raym. 93.

[Hamilton *v.* Taylor, special bail of Fox.]

By THE COURT.    This does not appear to us to be such a case as entitles the party to a privilege from arrest in the present case.    He was lawfully in custody on the surrender of his special bail, and of course could not attend his cause with Cochran and Thursby, even if the trial was going on.    In this state of incapacity the plaintiffs might well arrest him.    He was already in actual custody.

Motion denied.

*Vid.* 2 Bl. Rep. 823.    Even where a defendant is illegally in custody at the suit of one plaintiff, he is not privileged from arrest at the suit of another, unless there be some collision.

*389]  *Robert Hamilton and Hugh Elliot *against* John M. Taylor, special bail of Edward Fox.

No one shall suffer by the mistake of the clerk; therefore bail was relieved, where the principal offered to surrender himself in due time, but was prevented by the *scire facias* being entered as of a prior term.

THE *scire facias* in this cause was tested on the 19th March 1791, returnable to the September term following; but, by a mistake in the prothonotary's office, was entered in the docket as of March term 1798.    It appeared by the affidavit of Fox, the principal, that he attended on the return day of the *scire facias*, to surrender himself in the discharge of his bail; but that Mr. T. Ross, the attorney of the plaintiffs, informed Mr. J. M'Kean, his attorney, that he came too late, and on inspection of the docket this appeared to be the case.    A judgment was afterwards entered, a *fieri facias* issued, which was returned executed, and a *venditioni exponas* issued thereon.    A rule was obtained to shew cause, why the judgment should not be opened and the executions set aside; against which Mr. Ross now objected, that the application should not now succeed.    The defendant had been guilty of negligence.    He knew when the *scire facias* was served on him, and should have applied to the court at the following term.    He could be led into no error by the mistake in the office.    The rules as to bail are strict, and should be adhered to.    If the principal dies between the return of the *ca. sa.* and the second *scire facias*, the bail cannot be relieved. 1 Stra. 511.    Cro. Jac. 165.

By THE COURT.    It is a general rule, that no one shall suffer by the mistake of the officer of the court.    Besides it is sworn ·here that the plaintiff's attorney led to the mistake; and that opinion would be fortified by an examination of the record.

Let an *exoneretur* be entered, on payment of the costs on the *scire facias*.